# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BYRON ANTHONY GREY, JR.,** | * | |
| Petitioner, | * | |
| | * | Criminal No. RWT-08-0462 |
| v. | * | Civil No. RWT-13-1599 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION AND ORDER

This matter arises out of a drug and firearm possession case wherein a Grand Jury charged Petitioner Byron Anthony Grey, Jr. with nine counts of various conspiracy, drug, and firearm offenses. ECF No. 29. As part of a plea agreement with the Government, Grey pled guilty to Counts One and Five of the Indictment: conspiracy to possess and distribute crack cocaine and possession of a firearm in the furtherance of a drug trafficking crime. ECF Nos. 46, 48. Now pending before the Court is Grey's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in which he outlines five arguments that he believes are proper grounds for relief.[1]  ECF No. 98.

---

[1] Grey has filed three other related motions that do not warrant extensive analysis. First, Grey moved for the appointment of counsel based on the complexity of his case. ECF No. 97, at 2. Appointment of counsel for a 28 U.S.C. § 2255 petition remains in the discretion of the Court. 18 U.S.C. § 3006A(a)(2)(B); *see, e.g., United States v. Bowman*, 561 F. App'x 294, 297 (4th Cir. 2014). The Court is only required to appoint counsel when a hearing of discovery is required. *See* Rules Governing Section 2255 Proceedings for the United States District Courts 6(a), 8(c) (2010). Since Grey has failed to present any exceptional circumstances, and since no hearing will be granted, the Court will deny the motion for appointment of counsel. Second, Grey moved for the recusal of Judge Roger W. Titus due to a comment made regarding his familiarity with the location where Grey sold drugs from his time as a practicing attorney. ECF No. 99, at 1. Disqualification of a judge for impartiality would only apply where he was previously familiar with the facts of the case, had previously represented one of the parties as an attorney or governmental counsel, or had a fiduciary conflict of interest. 28 U.S.C. § 455(b)(1)–(4). The Court fails to see any lack of judicial impartiality either in this case or in the aforementioned comment. Therefore, the Court will deny the motion for recusal. Third, Grey moved for additional time to respond to the Government's opposition. ECF No. 104. Grey filed a reply in support of his motion on December 6, 2013, ECF No. 105, and thus the Court will deny the motion as moot.

## BACKGROUND

Between January 2003 and August 2006, Grey participated in a conspiracy to possess and distribute crack. ECF No. 48-1, at 1. On April 8, 2005, Montgomery County Police Officers stopped a vehicle operated by Grey with two passengers, after it was seen fleeing the scene of a shooting. ECF No. 19, at 2–3. One of the vehicle's passengers was suffering from a gunshot wound, ostensibly sustained during the shooting, and the other passenger was detained after fleeing during the stop. Law enforcement also recovered a brown bag with marijuana and cocaine base. *Id*. On October 1, 2005, Maryland National Park Police pulled over a stolen vehicle operated by Grey, and during the subsequent search uncovered a 9mm semi-automatic pistol, one hundred grams of cocaine base, thirty-six grams of cocaine, and $2,794 in cash. *Id.* at 5–6. On June 2, 2006, Montgomery County Police Special Assignment Team conducted a traffic stop of a vehicle that Grey entered after exiting a residence suspected of selling crack cocaine, and discovered a baggie of crack cocaine and marijuana that Grey attempted to conceal with his hand. *Id*. at 8. On August 16, 2006, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Drug Enforcement Administration ("DEA") arrested Grey after discovering six ounces of marijuana and 185 grams of cocaine at the residence shared by Grey and his girlfriend. *Id.* at 10; ECF No. 48-1, at 1.

A Grand Jury returned an Indictment charging Grey with nine counts, including one count of conspiracy to possess and distribute cocaine base under 21 U.S.C. § 846, four counts of possession with intent to distribute cocaine base under 21 U.S.C. § 841, two counts of possession of a firearm in the furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g), and one count of unlawful possession of a machinegun 18 U.S.C. § 922(o). ECF No. 29. On April 14, 2010, Grey pled not

guilty to all charges. ECF No. 45. However, on April 27, 2010, as part of a plea agreement, Grey changed his plea to guilty for Counts One and Five: conspiracy to possess and distribute fifty grams or more of cocaine base and possession of a firearm in the furtherance of a drug trafficking crime. ECF Nos. 46, 48, at 1–3. Grey later moved to withdraw his guilty plea, but the Court denied the motion.[2] ECF Nos. 51, 74. On January 31, 2011, this Court entered a Judgment sentencing Grey to a 300-month term of imprisonment (240 months on Count One and 60 months on Count Five to run consecutively), followed by eight years of supervised release. ECF No. 77, at 2–3.

The Fourth Circuit affirmed this Court's verdict and sentence on March 6, 2012, ECF No. 91-1, and Grey filed a timely motion pursuant to § 2255 seeking to set aside, correct, or vacate his sentence on June 3, 2012. ECF No. 98. The Government responded in opposition on September 17, 2013, ECF No. 103, and Grey filed a reply in support of his motion on December 6, 2013, ECF No. 105.

**DISCUSSION**

Under § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Id.* Grey alleges five grounds for relief pursuant to § 2255: (1) entitlement to a sentence reduction based on guidelines that

---

[2] In connection with his Motion to Withdraw Guilty Plea, ECF No. 51, Grey moved for the Court to enter an order pre-authorizing counsel to retain the services of Dr. Neil Blumberg to evaluate his mental health, ECF No. 69. The Court shall deny this motion as moot.

3

have been lowered by a retroactive amendment, (2) a sentence not in accord with the plea bargain, (3) a sentencing error due to a change in the law, (4) actual innocence as to Count One, and (5) ineffective assistance of counsel. ECF No. 98. The Court finds that the first four grounds are either procedurally barred or have no legal basis and denies the fifth ground regarding sentence reduction without prejudice to renew under 18 U.S.C. § 3582(c)(2).[3]

**I.   Grey's sentencing claims are procedurally barred because he neither raised them on direct appeal nor established cause or actual innocence.**

As a general rule, claims not raised on direct appeal are procedurally defaulted on habeas review. *United States v. Frady*, 456 U.S. 152, 165 (1982). Collateral attack is not a substitute for appeal. *Id.* A petitioner may surmount procedural default to a nonconstitutional claim only if the alleged error is "a fundamental defect which inherently resulted in a complete miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Additionally, the petitioner must demonstrate both cause and prejudice or actual innocence. *Id.* at 492–93; *See United States v. Pettiford*, 612 F.3d 270, 275 (4th Cir. 2010).

Cause "turn[s] on whether the prisoner can show that some objective factor external to the defense" impeded compliance with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Furthermore, a petitioner can only establish actual prejudice when "the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494). If cause and prejudice are not demonstrated, Grey may only overcome procedural default by establishing "actual innocence" meaning "factual innocence, not

---

[3] Motions for sentence reduction pursuant to the Fair Sentencing Act ("FSA") under 18 U.S.C. § 3582(c)(2) are handled separately from § 2255 petitions. *See United States v. Rios*, No. CRIM. PJM 10-017, 2014 WL 3513406 (D. Md. July 11, 2014); *see also United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (holding that sentence reductions as a result of an amendment to the Sentencing Guidelines is within the scope of a § 3582(c)(2) motion and distinguishing it from § 2255 relief that is only available to prevent a grave miscarriage of justice).

4

mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). For the Court to entertain the collateral attack, a petitioner must press beyond mere declarations and prove innocence "by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493.

Grey directly appealed his case on the grounds that he should have been allowed to withdraw his guilty plea. Brief for Petitioner, *United States v. Grey*, 468 F. App'x 210 (4th Cir. 2012) (No. 11-4184), 2011 WL 3750216, at *9. Since Grey did not raise any of his § 2255 claims on direct appeal, he must provide some justification or indication that a factor external to the defense impeded him from doing so. ECF No. 105, at 12–14. Here, Grey alleges that counsel could not have challenged his sentence because *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which allows retroactive application under the Fair Sentencing Act ("FSA"), did not exist at the time of his appeal. ECF No. 98, at 14, 25. However, the Fourth Circuit has made clear that "failure to raise an issue during trial and direct appeal based on a subsequent change in the law" cannot be procedurally excused when the legal basis for the claim was then available. *Mikalajunas*, 186 F.3d at 493 (citing *Turner v. Jabe*, 58 F.3d 924, 927–28 (4th Cir. 1995)). Although the Supreme Court had not yet decided *Dorsey*, the legal arguments and case law used in that case to successfully move for retroactive application of the FSA did exist, thus precluding any contention now that a lack of then-existing precedent is sufficient to establish cause for Grey's failure to raise his § 2255 claims on direct appeal. *See Dorsey*, 132 S. Ct. at 2330–35.

Even if prejudice were found to exist due to a sentencing error, as asserted here, Grey cannot establish cause and his claims are procedurally barred unless he can prove actual innocence. *Mikalajunas*, 186 F.3d at 493. Grey does not attempt to present new or factual evidence in his § 2255 petition that would demonstrate his actual innocence, and thus is unable

to overcome his procedural default.[4] Accordingly, all of Grey's claims, aside from ineffective assistance of counsel, are procedurally barred.

**II.     Even if not procedurally barred, Grey's sentencing claims would be either meritless or not cognizable because they do not amount to a grave miscarriage of justice.**

In June 2012, the Supreme Court ruled in *Dorsey* that the FSA revisions were retroactive. *Dorsey*, 132 S. Ct. at 2336. The Fourth Circuit applies the *Dorsey* precedent narrowly, allowing retroactive application of the FSA only when the defendant's crime occurred before August 3, 2010 and sentence occurred after August 3, 2010. *See United States v. Black*, 737 F.3d 280, 287 (4th Cir. 2013). However, sentences reached through Rule 11(c)(1)(C) plea agreements fall under a different precedent. Justice Sotomayor's concurrence in *Freeman v. United States* sets forth the controlling standard for when a Rule 11(c)(1)(C) defendant who pleads guilty in exchange for a specific sentence is eligible for a § 3582(c)(2) sentence reduction. 131 S. Ct. 2685, 2695 (2011). In those cases, eligibility only exists when the plea agreement tied the recommended sentence to the guideline range in express terms. *Id.* While relief on changing guidelines may be appropriate under § 3582(c)(2), the Fourth Circuit has consistently held that "the mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255." *Mikalajunas*, 186 F.3d at 496–97.

The timeline of Grey's case fits the criteria outlined in *Black*: Grey pled guilty in April 2010, the FSA revised crack cocaine sentences in August 2010, the Court sentenced Grey in January 2011, and the Supreme Court issued its *Dorsey* judgment in June 2012. *See*

---

[4] Grey claims to be "actually innocent of the [twenty year] mandatory minimum sentence." ECF No. 98, at 24. However, to establish innocence, one must assert "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *see, e.g.*, *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). In Grey's § 2255 motion, he does not attempt to assert or prove his innocence regarding the conspiracy to possess and distribute crack cocaine. ECF No. 98, at 24. Grey's logic is fundamentally flawed because an individual's guilt or innocence relates to a crime, not to a sentence. Grey's claim of actual innocence is nothing more than a repetition of his other sentencing claims.

ECF No. 98, at 5–14. Although Grey argues for the retroactive application of the FSA in a number of his § 2255 claims, he was not sentenced following a trial, but rather pursuant to a plea agreement with the Government under Rule 11(c)(1)(C). *See* ECF No. 48, at 6; *see also* Fed. R. Crim. P. 11(c)(1)(C) (parenthetically noting that "such a recommendation or request binds the court once the court accepts the plea agreement"). Since "misapplication of the guidelines typically does not constitute a miscarriage of justice," Grey's arguments for retroactive application of the FSA are not grounds for § 2255 relief. *Mikalajunas*, 186 F.3d at 496–97.

Grey further alleges that the Court abused its discretion in sentencing him to a 300-month term of imprisonment. ECF No. 98, at 4–15. Grey asserts that his plea agreement remains unenforced and his sentence has been misapplied based on the charges and their corresponding quantities of crack. *Id.* at 15–20. Upon review of the record, the Court disagrees with both of Grey's sentencing contentions. Grey's Rule 11(c)(1)(C) plea agreement, to which the Court is bound, clearly references mandatory minimum sentences of twenty years and five years to run consecutively, and the text plainly states that "300 months is the appropriate disposition of this case." ECF No. 48, at 3, 6, 7. The Court did not abuse any discretion in upholding the signed plea agreement as written. In addition, the Rule 11 proceeding demonstrates that the sentence given reflects the mutual assent of all parties bound by the plea agreement. *See* ECF No. 57-2, at 3–4 (quantifying the sentence explicitly as twenty years plus five years consecutively and confirming the refusal for concurrent sentences during negotiations); *see also id.* at 21–24, 28, 30–33, 38, 52 (specifically referencing the length of imprisonment and supervised release); *id.* at 24–25 (recognizing the basis of Grey's offense level from the admission of 5kg to 15kg of

crack[5]); *id.* at 35–38, 40–42, 64 (discussing the binding nature of the Rule 11(c)(1)(C) agreement and each parties' rights and waivers regarding appeal); *id.* at 61–63 (acknowledging the statement of facts addendum as true).

The terms of the plea agreement resulted from extensive negotiations, and the parties intended the text to indicate the aggregate 300-month term of imprisonment (a numerical terminus, not simply the result of the two mandatory minimum sentences) as the appropriate disposition for this case. Grey knowingly and voluntarily entered into the plea agreement, and any prior misunderstanding that he harbored in relation to his plea agreement or sentence was dispelled by the extensive Rule 11 colloquy. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). Accordingly, the Court was within its discretion when it upheld Grey's Rule 11(c)(1)(C) plea agreement and delivered judgment within the agreement's range.

### III. Grey's claim of ineffective assistance fails because he cannot establish deficient performance or prejudice.

Grey alleges that his counsel, Richard Finci, was ineffective for failing to challenge the plea agreement at sentencing or on appeal. ECF No. 98, at 21–23. Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a petitioner must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

---

[5] Grey argues that Count One would only have resulted in a ten-year mandatory minimum post-FSA, because the charge was for 50g or more of crack. ECF No. 105. However, the factual stipulations that Grey agreed to indicate a 5kg to 15kg quantity for Count Three, which was directly used in calculating the appropriate offense level and would still result in a twenty-year mandatory minimum for Count One as calculated post-FSA. ECF No. 48, at 5. The offense level calculation under U.S.S.G. §§ 2D1.1 (drug distribution and conspiracy) and 1B1.3 (relevant conduct), as well as the corresponding mandatory minimum sentences, was openly discussed in the Rule 11 proceeding and further supported in the pre-sentencing report. ECF No. 57-2, at 24–25.

[petitioner] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Under the prejudice prong, a petitioner must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless a petitioner makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 696. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

Grey asserts that the quantity of drugs admitted to in Count Three should not have been applied to Count One, and he further contends that the changes in the FSA should have been retroactively applied to the plea agreement. *Id.* However, the plea agreement was the result of a carefully balanced negotiation between the parties, and simply second guessing Finci's strategy does not satisfy an objectively unreasonable standard of performance. *Strickland*, 466 U.S. at 689; *see also United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) (finding counsel's assistance is not rendered ineffective because he failed to anticipate a new rule of law). The Court believes that the favorable plea agreement Finci negotiated reflects both a concerted effort and a sound strategic plan given the substantial criminal penalties that Grey faced. Grey initially faced nine drug and weapons charges, many of which carried a maximum penalty of life imprisonment, ECF No. 1, and a four-level enhancement for a leadership role in the conspiracy, ECF No. 57-2, at 46. The final plea agreement, however, only sought to enforce the mandatory

9

minimum sentence on two of the charges and did not include any upward enhancements. *See* ECF No. 48. The Court deems it highly plausible that Finci, confronted with extensive evidence and numerous weighty charges, strategically viewed this agreement's 300-month sentence as the shortest and most optimistic judgment attainable.

Finally, even if Finci was somehow ineffective, Grey is still not entitled to relief under *Strickland* because he cannot show prejudice—that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Grey voluntarily entered into a plea agreement after being informed of his offenses' applicable sentencing range under U.S.S.G. § 2D1.1 and the mandatory minimum sentences under 21 U.S.C. § 841 at this Court's Rule 11 proceeding. ECF No. 57-2, at 20–22, 31–38. Furthermore, the signed plea agreement twice references mandatory minimum sentences of twenty years and five years to run consecutively, and the text plainly states that "300 months is the appropriate disposition of this case." ECF No. 48, at 3, 6, 7. Grey has not offered any evidence, beyond his own conclusory statements, regarding what else Finci could have said that would have reasonably resulted in a more lenient judgment at his sentencing hearing. *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (stating "conclusory allegations are insufficient to establish the requisite prejudice under *Strickland*"). Accordingly, counsel's performance cannot be considered constitutionally deficient under a Sixth Amendment, post-conviction § 2255 motion.

## CERTIFICATE OF APPEALABILITY

Grey may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Grey has made a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). This Court has assessed the claims in Grey's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Grey's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that all of Grey's claims are neither cognizable under § 2255 nor adequate to satisfy the *Strickland* two-prong test establishing ineffective assistance of counsel. Grey's motion will be denied and no certificate of appealability shall issue. The Court denies relief without prejudice to renew on the grounds of an Amendment 750 reduction of sentence, which may be reintroduced under an 18 U.S.C. § 3582(c)(2) motion. Accordingly, it is this 4th day of August, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion for Pre-Authorization of Payment for Services Other Than Counsel (ECF No. 69) is hereby **DENIED AS MOOT**; and it is further

**ORDERED**, that Petitioner's Motion for Appointment of Counsel (ECF No. 97) is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for Recusal of Judge (ECF No. 99) is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for Additional Response Time (ECF No. 104) is hereby **DENIED AS MOOT**; and it is further

**ORDERED**, that Petitioner's Motion to Set Aside, Correct, or Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 98) is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-13-1599.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE