IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. DKC 08-0462 |
| BYRON ANTHONY GREY, JR. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion for imposition of a reduced sentence pursuant to Section 404 of the First Step Act filed by Byron Anthony Grey, Jr. (ECF No. 128). The Government filed an opposition, (ECF No. 129), and Mr. Grey filed a reply, (ECF No. 132), and a supplemental letter, (ECF No. 134).

In 2011, Mr. Grey pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (count one), and possession of a firearm in furtherance of a drug trafficking crime (count five). The Government had filed a notice under 21 U.S.C. § 851, so he faced a mandatory minimum sentence of 20 years on the drug charge and a consecutive 5 years on the firearm charge. The plea agreement was entered pursuant to Fed.R.Crim.P. 11(c)(1)(C) and contemplated a total sentence of 300 months, the combined mandatory minimums. Based on the agreed quantity, 5 to 15

kilograms of cocaine base, the beginning offense level was 38, and the adjusted offense level was 36, after a two-level decrease for acceptance of responsibility. (ECF No. 90, at 57).

Proceedings leading up to and following the entry of the plea were far from smooth. Two months after entry of the plea, Mr. Grey moved to withdraw the plea. A psychiatric exam preceded the hearing on the motion to withdraw the plea, which finally happened on January 31, 2011. After the motion to withdraw the plea was denied, sentencing took place the same day, and Judge Roger Titus accepted the parties' agreed sentence. By sentencing, Mr. Grey was represented by his third attorney.

Thereafter, Mr. Grey appealed, contesting the denial of his motion to withdraw his guilty plea. The United States Court of Appeals for the Fourth Circuit rejected that challenge and affirmed the judgment. *United States v. Grey*, 468 F.App'x 210 (4th Cir. 2012). Mr. Grey filed a motion to vacate pursuant to 28 U.S.C. § 2255, and other ancillary motions, all of which were denied by Judge Titus. (ECF No. 110). Eventually he appealed, and again, the Fourth Circuit declined to order relief. *United States v. Grey*, 656 F.App'x 15 (4th Cir. 2016). The currently pending motion followed.

Mr. Grey seeks a reduction of 100 months in his sentence, reducing the sentence for count one to 140 months, followed by

the consecutive 60-month sentence for count five. The Government opposes the motion, contending that he is not eligible and not deserving of a sentence reduction. As will be discussed, Mr. Grey is eligible for consideration under the First Step Act. Eligibility is, however, only the prerequisite; it does not require reduction. Rather, the court has discretion, applying all of the factors under 18 U.S.C. § 3553(a) along with assessing post-sentencing conduct, to decide whether and how much to reduce a sentence.

Mr. Grey was sentenced on January 31, 2011, for conduct occurring in August 2006. The Fair Sentencing Act of 2010 was signed into law August 3, 2010. At the time of his sentencing, Judge Titus remarked that it was unclear as to whether the Fair Sentencing Act would apply to Mr. Grey, whose conduct predated the effective date. It was not until the Supreme Court of the United States decided *Dorsey v. United States*, 132 S.Ct. 2321 (2012), that the matter of retroactivity was decided. In *Dorsey*, the Court decided that the Fair Sentencing Act did apply to those defendants who were sentenced after August 3, 2010, but whose crimes preceded that date, even if the new, lower guidelines had not yet been adopted.[1] Thus, Mr. Grey was entitled to be sentenced pursuant to the lower minimums, and the

---

[1] Emergency guideline amendments were effective November 1, 2010, and permanent guideline amendments took effect a year later.

lower guidelines. Although he appealed the initial judgment, he only raised the issue of withdrawal of the guilty plea. The Fourth Circuit's decision was rendered prior to *Dorsey*. The transcript of the sentencing hearing reveals that Judge Titus assumed that the 20-year mandatory minimum applied even if the Fair Sentencing Act applied, but that the guideline reduction - to a base offense level of 36 - would be applicable. Thus, he explained to Mr. Grey that his agreed upon sentence was either below the guidelines, as they existed on the day of sentencing, or at the bottom of the guidelines as they would apply in the future. (ECF No. 90, at 60).

The First Step Act was adopted in 2018, and provides that, notwithstanding *Dorsey*, certain persons may seek a retroactively reduced sentence. It provides that, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." A "covered offense" is a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010. There are limitations, however:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or reduced in accordance with the

4

amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

Section 2 of the Fair Sentencing Act altered the quantity threshold for the mandatory minimums in 21 U.S.C. § 841, and Section 3 eliminated the mandatory minimum for simple possession.  In *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019), the Fourth Circuit concluded that a person is eligible if he was sentenced under 21 U.S.C. § 841(a) and (b)(1)(B).  Mr. Grey was convicted of conspiracy, 21 U.S.C. § 846, and sentenced pursuant to § 841(b)(1)(B)(ii).

The defendant contends, of course, that he is eligible to seek a reduced sentence.  The Government disagrees and contends that Mr. Grey was sentenced in accordance with the amendments made by the Fair Sentencing Act.  The fallacy in this argument is that it assumes that the quantity, 5 to 15 kilograms of cocaine base, is the appropriate measure of whether the statutory penalty has been changed.  The Government's approach has been rejected, however.  The focus for determining eligibility is the charge, and consequent conviction, here 50 grams or more of cocaine base, and not the quantity above that which was shown to have been involved for guideline purposes.  Therefore, not only is Mr. Grey eligible for consideration, but the record reflects that the original sentence was not imposed

in accordance with the amendments because Judge Titus assumed that the 20-year mandatory minimum would still apply.

While Mr. Grey is eligible for consideration, he is incorrect in suggesting that another portion of the First Step Act, § 401, should also influence either eligibility or the extent of any reduction. He posits that, if sentenced today, the Government would not be able to file a notice under § 851 because his prior conviction does not qualify as a "serious drug offense."

The only portions of the First Step Act that apply retroactively are those pertaining to threshold crack cocaine weights triggering mandatory minimum sentences. The section altering the definition for those prior offenses that can enhance the mandatory minimum from felony drug offense, to serious drug offense, is not retroactive. *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). Nevertheless, Mr. Grey relies on that non-retroactive change to argue that he is deserving of a substantial reduction because, today, the Government could not file the § 851 notice based on his 2003 conviction. One of the purposes of enhanced mandatory recidivist sentences is to deter individuals from committing new offenses by putting them on notice that more severe penalties will follow. When Mr. Grey committed this offense, he ignored the warning. Ultimately, this argument is irrelevant – even the

reduced sentence sought by Mr. Grey is above the applicable enhanced mandatory minimum, namely 10 years.

Mr. Grey's other arguments are more aptly targeted. He notes that he has participated in "a wide range of meaningful programming and vocational training." (ECF No. 128, at 8). Furthermore, he has made plans for his reentry. He argues that a 140-month sentence would vary below the currently applicable guideline range to the same extent the original sentence varied from the then applicable range.

In contrast, the Government emphasizes how, at a relatively young age of 26, Mr. Grey had amassed an unenviable criminal record, involving "highly dangerous and violent conduct."[2] (ECF No. 129, at 16). He also did not perform well on parole or probation. His disciplinary record while in prison includes introducing suboxone into the facility. The offense conduct was, by any measure, serious and dangerous.

When sentenced in 2011, Mr. Grey received the mandatory minimum in aggregate sentences, 240 months plus 60 months, for 300 months, or 25 years. Now that the mandatory minimum for count one has been reduced to ten years, he seeks a reduction of 100 months, to 140 months on count one. At the time of the original sentencing, if the 20-year mandatory minimum had not

---

[2] Mr. Grey disputed the descriptions of some of his conduct in those episodes at sentencing.

applied, and had the lowered guidelines been in effect, and applying the acceptance of responsibility adjustment, the sentencing range would have been 235-293 months.  (ECF No. 90, at 60).  Today there has been a further guideline reduction - to a base offense level of 34, and the range would be 188 to 235 months.

Considering all of these circumstances, the court will reduce Mr. Grey's sentence on count one to 180 months, followed by the 60-month consecutive sentence on count five.  The so-called variance applied by Judge Titus is illusory.  The parties entered into a "C" plea, calling for imposition of the 240-month sentence, the statutory mandatory minimum at the time.  Judge Titus also recognized that, even if not strictly applicable, the guidelines were about to be reduced in recognition that the higher guidelines reflected a too high ratio between crack and powder.  The current guidelines reduced that ratio even more.  Thus, there is little force to any argument that a reduction in sentence now should reflect the same variance applied by Judge Titus the time of initial sentencing.  Mr. Grey's guideline adjustment for acceptance of responsibility was precarious — he only received a 2-level reduction because he did not timely accept responsibility, and his motion to withdraw the guilty plea called that reduction into question.  While his educational achievements are quite laudable, and his remorse appears

genuine, his conduct in introducing suboxone into the facility is a significant counterweight. This sentence is a five-year reduction, recognizing the need to adjust the crack/powder ratio, and to reflect Mr. Grey's rehabilitation while incarcerated, while still serving the other goals of punishment and deterrence.

A separate order and an amended judgment will be entered.

```
                 /s/
DEBORAH K. CHASANOW
United States District Judge
```